# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **COTTON STATES MUTUAL** } | |
| **INSURANCE COMPANY,** } | |
|  } | |
| **Plaintiff,** } | |
|  } | **Case No. 4:05-cv-0432-RDP** |
| v. } | |
|  } | |
| **BRIAN ALLEN BUTLER, et al.,** } | |
|  } | |
| **Defendant.** } | |

## MEMORANDUM OPINION

The court has before it Plaintiff Cotton States Mutual Insurance Company's ("Cotton States") Motion for Default Judgment against Defendant Brian Allen Butler ("Butler") (Doc. # 27).[1] The court held a status conference in this case on April 12, 2006.

This action was commenced on February 28, 2005, by the filing of the complaint (Doc. # 1), and a copy of the summons and complaint was served on Butler on March 29, 2005, by certified mail. (Doc. # 5). Butler failed to appear or otherwise to respond to the allegations of Plaintiff's complaint for declaratory judgment. In response to Plaintiff's June 21, 2005 motion for entry of default (Doc. # 17), default was entered against Butler by the Clerk of Court on June 24, 2005. (Doc. # 18).

Plaintiff now seeks a Rule 55(b) default judgment against Butler in the form of a declaration that, under Homeowners' Policy No. AFP 3326832 issued to Deborah Butler on February 25, 2003,

---

[1] Also pending before the court is Plaintiff's January 25, 2006 Motion for Summary Judgment against Defendant Brian Allen Butler (Doc. # 23), which is unopposed. Because Plaintiff has now filed a motion for default judgment against Butler, which is the appropriate vehicle given the Clerk's prior entry of default against Butler, Plaintiff's motion for summary judgment is moot.

Cotton States is not obligated to defend nor indemnify Brian Allen Butler in the underlying action, *Brenda Barnes, et al. v. Brian Alan Butler, et al.*, CV-04-416, pending in the Circuit Court of Marshall County, Alabama. (Doc. # 27). Rule 55 (b) states in relevant part:

> (b) [Default] Judgment. Judgment by default may be entered as follows:
> ...
> (2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Fed.R.Civ.P. 55.

The court finds that all of the requirements of Rule 55(b)(2) are satisfied in this case. Although the complaint avers that Butler is under the age of 19 (Doc. # 1, at 1), Plaintiff's motion for default judgment makes clear that Defendant Butler is not an infant at this time (and clarifies that he was not an infant at the time the complaint was filed). (Doc. # 27, at 2). Therefore, the requirement that an infant be represented by a general guardian, committee, conservator, or other such representative who has appeared prior to entry of a default judgment is not applicable here. *See* Fed. R. Civ. P. 55(b)(2). Moreover, Butler has not appeared in this action,[2] and therefore, the court

---

[2] Although Plaintiff's complaint also makes claims against "Allen Burt Butler," who has appeared and is proceeding *pro se*, no counsel has entered an appearance for Brian Allen Butler, and he has not appeared *pro se*. The complaint alleges that Brian Allen Butler is incarcerated in the Marshall County, Alabama jail. (Doc. # 1, at 1).

is not required to provide him with written notice of Plaintiff's application for judgment prior to entering default judgment. *See* Fed. R. Civ. P. 55(b)(2). Finally, because Plaintiff seeks only a declaratory judgment and not damages, "all essential evidence is already of record," and an evidentiary hearing is not required. *S.E.C. v. First Fin. Group of Tex., Inc.*, 659 F.2d 660, 669 (5th Cir.1981) ("Rule 55(b)(2) does not require the district court to hold either an evidentiary hearing or oral argument on a motion for a default judgment.") (*citing Thomas v. United States*, 531 F.2d 746, 748 (5th Cir.1976) ("Taxpayer's first contention that the district court should have held an evidentiary hearing and/or oral argument on the motion is without merit. All the essential facts were of record."))·[3]

Accordingly, the court will, by separate order, grant Plaintiff's Motion for Default Judgment (Doc. # 11) and enter a default judgment in favor of Plaintiff and against Butler that is consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this  17th  day of April, 2006.

                                                 **R. DAVID PROCTOR**
                                               UNITED STATES DISTRICT JUDGE

---

[3] The Eleventh Circuit has noted that, in any event, "[a]n evidentiary hearing is not a *per se* requirement; indeed, Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone." *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005)(citing Fed.R.Civ.P. 55(b)(2) ("[T]he court may conduct such hearings . . . .").